IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF VIRGINIA

Richmond Division

CARNELL VAUGHAN,
    Petitioner,

v.                                                        Civil No. 3:22cv784 (DJN)

HAROLD W. CLARKE,
    Respondent.

**MEMORANDUM OPINION**

Carnell Vaughan, a Virginia prisoner proceeding *pro se*, brings this petition pursuant to 28 U.S.C. § 2254 ("§ 2254 Petition," ECF No. 1), challenging his convictions of second-degree murder and use of a firearm to commit murder in the Circuit Court for the City of Norfolk, Virginia ("Circuit Court"). (*Id.* at 1.) Vaughan argues that he is entitled to relief on the following ground:[1]

    Claim One:    "Petitioner asserts that he is actually innocent" because "[s]everal witnesses . . . have since recanted their testimony." (*Id.* at 5.)

Respondent has moved to dismiss, *inter alia*, on the grounds that Vaughan has failed to exhaust his state court remedies. As explained below, the Motion to Dismiss (ECF No. 12) will be GRANTED, and the § 2254 Petition (ECF No. 1) will be DENIED without prejudice.

**I.    ANALYSIS**

Before a state prisoner can bring a § 2254 petition in federal district court, the prisoner must first have "exhausted the remedies available in the courts of the State." 28 U.S.C. § 2254(b)(1)(A). State exhaustion "is rooted in considerations of federal-state comity," and in

---

[1] The Court employs the pagination assigned by the CM/ECF docketing system.

Congressional determination via federal habeas laws "that exhaustion of adequate state remedies will 'best serve the policies of federalism.'" *Slavek v. Hinkle*, 359 F. Supp. 2d 473, 479 (E.D. Va. 2005) (quoting *Preiser v. Rodriguez*, 411 U.S. 475, 491–92 & n.10 (1973)). The purpose of the exhaustion requirement is "to give the State an initial opportunity to pass upon and correct alleged violations of its prisoners' federal rights." *Picard v. Connor*, 404 U.S. 270, 275 (1971) (internal quotation marks omitted). A petitioner must utilize all available state remedies before he can apply for federal habeas relief. *See O'Sullivan v. Boerckel*, 526 U.S. 838, 844–48 (1999); *id.* at 844 (explaining that "the state courts should have the first opportunity to review [a] claim and provide necessary relief"). As to whether a petitioner has used all available state remedies, the statute notes that a habeas petitioner "shall not be deemed to have exhausted the remedies available in the courts of the State . . . *if he has the right under the law of the State to raise, by any available procedure, the question presented.*" 28 U.S.C. § 2254(c) (emphasis added).

Vaughan did not raise his claim of actual innocence before the Supreme Court of Virginia on either direct appeal or in his state habeas petitions. (*See* ECF No. 1, at 5.) Nevertheless, Vaughan may still pursue a petition for a writ of actual innocence in state court. *See* Va. Code. Ann. § 19.2-327.10 *et seq.* Because Vaughan "has the right under the law of [Virginia] to raise," his claim of actual innocence, he has not exhausted his available state remedies. § 2254(c); *see Fitzgerald v. Clarke*, 2017 WL 6945280, at *3–4 (E.D. Va. Dec. 8, 2017), *R & R adopted*, 2018 WL 406253 (E.D. Va. Jan. 12, 2018) (finding actual innocence claim unexhausted where petitioner could file a state petition for actual innocence); *cf. Payne v. Va. Dep't of Corr.*, 2023 WL 6447258 (E.D. Va. Sept. 29, 2023) (finding claim unexhausted when petitioner had a petition for writ of actual innocence pending in the Virginia state court); *Eubanks v. Kanode*, 2021 WL 744158, at *1 (E.D. Va. Feb. 25, 2021) (relying on Court of Appeals of Virginia's

findings in their denial of petition for writ of actual innocence in analysis of actual innocence claim). Accordingly, Vaughan's claim of actual innocence is unexhausted.[2]

## II. CONCLUSION

For the foregoing reasons, Respondent's Motion to Dismiss (ECF No. 12) will be GRANTED. Vaughan's § 2254 Petition (ECF No. 1) will be DENIED without prejudice. The action will be DISMISSED. A certificate of appealability will be DENIED.

An appropriate Final Order will accompany this Memorandum Opinion.

Let the Clerk file a copy of the Memorandum Opinion electronically and send a copy to Vaughan.

/s/
David J. Novak
United States District Judge

Richmond, Virginia
Dated:   November 13, 2023

---

[2]   Respondent also argues that Vaughan's claim is not cognizable in federal habeas and is also untimely. The Court need not reach those arguments at this juncture, because Vaughan's claim is unexhausted, as he may still pursue his claim of actual innocence in the state court.